# CASES DETERMINED

# SUPREME COURT OF JUDICATURE

# STATE OF NEW JERSEY.

## AT NOVEMBER TERM, 1855.

━━━━━━

## THE STATE v. DUNN.

1. An indictment for rescue must set out that an order for bail was made previous to issuing the *capias ad respondendum* upon which the party rescued was arrested. It is not enough to aver, in conformity with the English precedents, that the *capais* was "duly marked for bail."

2. Under the English statutes respecting bail, it is held that the power of arrest emanates not from the affidavit, but from the *capias*. But the statute of this state abolishing imprisonment for debt in certain cases, makes the judge's order the foundation of the *capias*. Without the order, the proceeding is not only irregular, but the writ itself is illegal.

━━━

The defendant was indicted in the Bergen Oyer and Terminer, for the rescue of a party arrested by virtue of a *capias ad respondendum*, issued for debt. The indictment having been removed by *certiorari* into this court, the defendant demurred to the first and second counts, on the ground, that it did not appear that the party rescued was legally in custody, their being no averment that any order for bail was made previous to the issuing of the *capias*.

*I. W. Scudder*, for the defendant.

The indictment is drawn in accordance with the English precedents, but they are no authority under our statute. A judicial order is necessary to authorize the arrest. If the order is radically defective, the party arrested is not legally in custody. The arrest was unlawful, and there can be no rescue. The mere averment that the writ was marked for bail, is not sufficient. All the analogies of the law require an express averment that an order for bail was made. He cited *Cons. of New Jersey, Art.* I. § 17; *Rev. Stat.* 321, § 1; *Brown* v. *Bissett*, 1 *Zab.* 46; 1 *Stark. Cr. Pl.* 167; 2 *Hawk. P. C. ch.* 25, § 66; *The King* v. *Westbury*, 8 *Mod.* 357; 2 *Chit. Cr. Law* 185, 198; *Low* v. *Atwater*, 2 *Root*, 72; *State* v. *Slimson*, 4 *Zab.* 9; *Archb. Cr. Pl.* 417; *Wharton's Prec.* 500, 510; 1 *Chit. Cr. Law* 60; 1 *East's P. C.* 314; *Wightman* v. *Mullins*, 2 *Stran.* 1226; 2 *Hawk. P. C. ch.* 21, § 2, 5.

*Knapp*, for the state.

An indictment for rescue must show three things, *viz :* 1, the cause of arrest; 2, the fact of arrest; 3, the fact of rescue. The gist of the offence is rescuing a person arrested upon lawful process. The crime of rescue does not depend upon the legality or truth of the affidavit for bail. If the *capias* is regular, the sheriff is bound to make the arrest; he cannot look into the legality of the order for bail. Nor can a third party decide upon the validity of the order, and resist the sheriff, upon the ground of its insufficiency. The indictment is drawn in conformity with approved precedents. 1 *Chit. Cr. Law* 60.

The cause was argued at June term, 1855, before the CHIEF JUSTICE, and ELMER, POTTS, and VREDENBURGH, Justices.

The CHIEF JUSTICE delivered the opinion of the court.

·The first and principal ground of demurrer relied on is, that the indictment does not set forth that any order for bail was made previous to issuing the *capias ad respon-lendum* upon which the party rescued was arrested. The averment of the indictment is, that the said writ was " duly marked for bail."

The indictment is in conformity with precedents to be found in the books. 2 *Chit. Cr. Law* 95. But it is insisted that the precedents, even if authoritative, are inapplicable under our practice.

The constitution of this state prohibits imprisonment for debt, except in cases of fraud. *Cons. Art.* I, § 17. The statute declare that the writ of *capias ad respomæsndum* shall not be awarded, issued, or served in any action founded upon contract, except upon proof made, and order thereupon to hold the defendant to bail, as specified in the act. *Rev. Stat.* 321, § 1. The order for bail is therefore the authority for issuing the *capias*, without which it cannot be awarded or served. The statute, so far as relates to the *filing* of the affidavits, may, perhaps, be regarded as directory merely. But the judicial order for bail is the foundation of the proceeding, and essential to the validity of the *capias* or the arrest. To show, therefore, that the arrest was legal, it would be necessary to aver in pleading, and to prove upon the trial, the existence of the order for bail.

The principle is of very general, if not universal application, that, upon criminal proceedings against a party for a rescue, or enabling a person who is in confinement by process of law to go at large, it is necessary to aver and prove that such imprisonment was lawful. Thus, upon indictments for escapes, for breach of prison, and for rescue, where the party rescued was in confinement upon a criminal charge, it is necessary to set out not only the warrant, but also the charge before the magistrate upon which the warrant issued. *Archb. Crim. Pl.* 303, 307,

309.   And upon the trial, the *charge* before the magistrate, as well as the warrant, must be proved as alleged in the indictment.   *Arch. Crim. Pl.* 304, 307, 310.

Precedents may be found in which the averment is omitted, but they can be sustained, if at all, only upon the principal, that the act of the magistrate, in issuing the warrant, is a judicial act, the validity of which will not be inquired into collaterally.   4 *Went.* 307; 2 *Chit. Cr. Law* 182, 184, 176.

Indictments for the rescue of persons arrested on civil process do not, as we have seen, aver the making of an affidavit pursuant to the statute, but simply state that the writ was "marked for bail;" and even this averment will be found omitted in some of the earlier precedents.   *Stubbs' Cr. Circ.* 616.

In civil actions for the recovery of damages for the escape or rescue or persons arrested on mesne civil process, the declaration contains no statement of the affidavit (or judge's order for bail in nonbailable actions), but simply an averment that the writ was "*duly* marked for bail."   2 *Chit Pl.* 736, 738, 445.   The ancient practice was otherwise.   8 *Went. Pl.* 432, 484; 5 *Went.* 233.   It is now, however, well settled that it is not necessary in such actions, or in an action upon a bail bond, to aver the making or filing of an affidavit pursuant to the statute.   It is sufficient to aver simply that the writ was marked for bail.   *Wilcoxson* v. *Nightingale,* 4 *Bing.* 501; *S. C. in error,* 10 *Barn. & Cr.* 202; *Sharpe* v. *Abbe et. al.,* 5 *Bing.* 193; 2 *Chit. Pl.* 447, *note f.*   And upon the trial no proof is required of the making or filing of the affidavit, unless rendered necessary by being set out in the declaration.   *Bac. Ab., Rescue D ; Esp. N. P.* 452; *Bull. N. P.* 14, 62; *Wilson* v. *Gary,* 8 *Mod.* 211; *Webb* v. *Herne,* 1 *Bos. & Pul.* 281; *Casburn* v. *Reid,* 2 *Moore* 60.

This apparent anomaly in practice is fully explained by the view which the English courts have taken of the statu-

tes respecting bail, and of the office of the affidavit taken under them.

By the ancient English practice, the *capias* issued in all cases as of course, without affidavit, after the failure of the defendant to appear to the original summons. When the summons fell into disuse, and the *capias* became in fact the first process, it became the practice (first, by the indulgence of the courts, and subsequently sanctioned by statute), merely to serve a copy of the *capias*, with a notice to the defendant to appear, which in effect reduced it to a mere summons. In order to arrest the defendant, the statute made an affidavit necessary. 3 *Bla. Com.* 287.

The courts have uniformly held, under this statute, that however irregular the proceeding for want of the affidavit, the *capias* is not therefore void. The reason assigned is, that the power of arrest emanates not from the affidavit, but from the *capias ;* that the statute is restrictive merely of the right, and confers no power. *Arundel* v. *White*, 14 *East* 225. In *Whiskard* v. *Wilder*, 1 *Burr.* 330, Lord Mansfield said, the affidavit does not appear to be an essential requisite to the validity of the bail bond, nor in the nature of a condition precedent to it, but, on the contrary, the statute appears to be only directory to the sheriff. And this appears to be the settled doctrine of the English courts. *Wilcoxson* v. *Nightingale*, 4 *Bing.* 501 ; *Hunt* v. *Allen*, 3 *Zab.* 616.

Our statute abolishing imprisonment for debt in certain cases (essentially differing from the act respecting bail) makes the judges order the foundation of the writ. It declares that the *capias* shall not be awarded, issued, or served in any action founded on contract, except on proof being made, as prescribed by the act, and a judicial order thereupon to hold the defendant to bail. Without the judge's order the *capias* cannot issue, and the arrest is illegal. The proceeding upon the *capias* is not only irregular, but the writ itself is illegal. On the trial of the

indictment for rescue, it must be shown that the party rescued was legally imprisoned. To this end, the existence of the order for bail must be shown. It is a material fact in the case, and must therefore be averred in pleading. An averment, that the writ was "duly marked for bail," is not a sufficient averment that an order for bail was made, as required by the statute. The first count is defective.

It is objected to the second count of the indictment, that it is not averred *how* the sheriff was in the due execution of his office. The objection is not well taken. The count is neither defective in form nor substance. *Archb. Cr. Pl.* 251.

Let judgment be entered for the defendant upon the first count of the indictment, and the demurrer to the second count be overruled.